[No. 29905. Department Two. August 30, 1946.]

LLOYD L. FATHERS, *Appellant*, v. TOM SMITH, *as Superintendent of the State Penitentiary, Respondent.*[1]

*Lloyd L. Fathers, pro se.*

*The Attorney General* and *Edward J. Lehan, Assistant,* for respondent.

[1]Reported in 171 P. (2d) 1012.

JEFFERS, J.—On or about January 22, 1946, Lloyd L. Fathers filed with the clerk of the superior court of the state of Washington for Walla Walla county his petition for a writ of *habeas corpus*. In order that there be no question as to the allegations of the petition, we set it out in full:

"I. That petitioner is illegally imprisoned, detained and restrained of his liberty in the Washington State Penitentiary by Tom Smith, Superintendent thereof and respondent herein.

"II. That the cause or pretense of such illegal and unlawful imprisonment is by virtue of a certain alleged judgment and sentence entered by the superior court of the state of Washington in and for King county, on the 17th day of January, 1930, in Cause No. 15224 entitled 'State of Washington, plaintiff, vs. Lloyd L. Fathers, defendant,' a true copy of which is hereto attached and marked 'Exhibit A' and made a part hereof by reference.

"III. That said restraint and imprisonment is unlawful and illegal, and that petitioner is deprived of his liberty without due process of law and in violation of his rights under the constitution of the state of Washington and the Sixth and Fourteenth Amendments to the Constitution of the United States, and that said illegality and deprivation of petitioner's constitutionally protected rights consist in this, to-wit:

"IV. The petitioner was sentenced to a term of not less than fifteen years and not more than forty years, with his actual term of imprisonment to be fixed by what was then known as the board of control of the state of Washington, from which term of imprisonment he was entitled to earn one-third off for good conduct.

"V. That before his time of imprisonment had been set by said board, said board of control was abolished by the legislature of the state, and no provision was made by the state for fixing petitioner's term of imprisonment or good time allowance, thus depriving petitioner of his right to have a term of imprisonment fixed and good time allowance, thereby compelling petitioner to serve the full maximum time of forty years as set by the court, thus subjecting petitioner to cruel and inhuman punishment.

"VI. That later a board known as the board of prison terms and paroles was created, which board called petitioner before them and advised him that they could not set

his term of imprisonment because they did not succeed to any of the rights and powers formerly held by the aforesaid board of control.

"VII. That petitioner has now served sixteen years imprisonment on a minimum sentence of fifteen years and unless given relief by this court, will be compelled to serve the full maximum of forty years.

"VIII. That since the state of Washington did not provide for the fixing of petitioner's term of imprisonment after abolishing the board of control, then the minimum term of fifteen years as fixed by the court must apply.

"WHEREFORE petitioner prays that a show cause order be entered herein, directed to the said Tom Smith, superintendent of the Washington State Penitentiary, respondent, commanding him to appear before this court, on some certain day to be named therein, and show cause, if any he has, why a writ of *habeas corpus* should not issue as prayed."

Judge Paul apparently gave considerable time and attention to this petition, and sometime prior to February 11, 1946, made and entered an order denying petitioner's application for an alternative writ. The order made and entered is some four pages in length and sets out fully the court's reasons for denying the writ. The order deals entirely with the second question presented on this appeal (which will be hereinafter set out), and concludes as follows:

"Even though the board [of prison terms and paroles] never paroles him he has no legal right to a writ in habeas corpus, or any other relief from the court, until he has served his maximum term of 40 years.

"For that reason nothing can be gained by issuing an alternative writ in habeas corpus and the application therefor is denied."

Petitioner has appealed from the order entered. No question is raised as to the finality of the order.

In his brief, appellant states that two questions are raised by this appeal: (1) Did the superior court have the power to dismiss petitioner's application for a writ of *habeas corpus* without giving notice to the parties hereto and without allowing petitioner to be heard? (2) Does a person convicted of a crime prior to the enactment of the law of

the state of Washington creating what is now known as the board of prison terms and paroles (Laws 1935, chapter 114, p. 308), come under the jurisdiction of such board?

In his brief, appellant states that he was convicted of the crime of burglary in the first degree on January 17, 1930, by the superior court for King county, and sentenced for a term of not less than fifteen years and not more than forty years.

■ The judgment and sentence referred to in paragraph 2 of the petition, pursuant to which appellant was committed and is now being held at the state penitentiary, appears fair and valid on its face, and this being true, under our decision in *In re Grieve*, 22 Wn. (2d) 902, 158 P. (2d) 73, appellant is not entitled to a writ of *habeas corpus*.

However, as we read appellant's petition and his brief, he does not question the validity of the judgment and sentence, but contends he is entitled to the relief sought upon other grounds.

While from the record before us, which consists only of the petition, order denying alternative writ, and notice of appeal, we do not see how it could be contended that the first question presented by appellant is before us, in view of the fact that respondent has also proposed almost the same question, apparently assuming that the court's order was made and filed without formal hearing or notice to either party, we shall answer the question presented.

Whether or not a show cause order should have been issued herein and the matter brought on for hearing, depends upon whether the petition of appellant has complied with the statutory requirements, and whether the allegations of the petition, assuming them to be true, make a *prima facie* case for the relief prayed for.

■ The general rule with respect to the exercise of discretion by a court in denying or granting an application for a writ of *habeas corpus* will be found in 25 Am. Jur. 153, § 16:

"Habeas corpus is a writ of right, but not a writ of course, since probable cause must be shown. In other words, the privilege of a prisoner to demand the writ as a matter of

right does not necessarily imply that he must also have the writ as a matter of right without showing a prima facie case entitling him to be discharged or bailed. It is true that there are some early decisions to the effect that the court is bound in the first instance to issue the writ at all events without exercising its discretion as to the grounds upon which the writ was moved, but the later decisions definitely establish the rule that probable cause must first be shown to obtain the writ, whether it is granted at common law or under a statute."

The same text, at p. 238, § 131, states:

"While habeas corpus is a writ of right, it will not issue as a matter of course or as a mere perfunctory operation upon the filing of the petition; judicial discretion is exercised in its issuance, and such facts must be made to appear to the judge to whom the petition is presented as, in his judgment, prima facie, entitle the petitioner to the writ. The writ need not, therefore, be awarded where it appears upon the showing made by the petitioner that if he were brought into court and the cause of his commitment inquired into, he would be remanded, but only where the application therefor contains allegations which, if true, would authorize the discharge of the person held in custody. While the court may refuse to grant the writ if the petition is insufficient in form or substance, the writ should issue if the petition complies with the legal requirements and its averments make a prima facie case for relief."

See, also, *Ex parte Hull*, 312 U. S. 546, 61 S. Ct. 823.

In view of the record before us and the authorities cited, we are of the opinion the court committed no error in refusing to grant the alternative writ without a formal hearing and without notice to either party, as there was nothing alleged in the petition, assuming the allegations to be true, which would have entitled appellant to a writ of *habeas corpus*.

Appellant's real complaint is raised by his second question. This is apparent from his brief, wherein he states:

"Petitioner was convicted of the crime of burglary in the first degree on the 17th day of January, 1930, by the superior court for King county, and sentenced for a term of not less than fifteen years and not more than forty years.

"At the time of said sentence, a board known as the board

of control, set the time said convicted persons were to serve in the penitentiary. That prior to the time petitioner was eligible to apply for parole, the aforesaid board of control was abolished, and there was then created the board of prison terms and paroles.

"That after petitioner had served ten years on his sentence, which with good time allowance of five years, made him eligible for parole, he applied to said board of prison terms and paroles for parole, but was advised by them that they had no jurisdiction over sentences imposed prior to law creating their board.

"That after petitioner had served his minimum term of fifteen years, exclusive of good time allowances, he applied to the present board of prison terms and paroles that they set his term of confinement which they have so far refused to do.

"That this action was thereafter brought in the superior court for Walla Walla county to determine whether under the laws existing at the time petitioner was sentenced, petitioner would be entitled to his release upon the completion of his minimum sentence."

 We are clearly of the opinion that, assuming appellant's allegation to be true and that he is in the situation in which he claims to be, that is, that he may be compelled to serve his full maximum term of forty years, appellant could not be entitled to be released from custody; nor does the superior court or this court, in a *habeas corpus* proceeding, have jurisdiction to order the board of prison terms and paroles to bring appellant before it. *Williams v. McCauley,* 7 Wn. (2d) 1, 108 P. (2d) 822. However, in view of the *claimed position* taken by the board of prison terms and paroles, and in justice to appellant, we shall state what, in our opinion, is the power of the board relative to convictions had prior to the passage of the act creating the board.

 The board of prison terms and paroles was created and its powers and duties enumerated by Laws of 1935, chapter 114 (Rem. Rev. Stat. (Sup.), § 10249-1 [P.P.C. § 782-1], *et seq.*). We do not deem it necessary to set out other than a part of certain sections of this act.

Rem. Rev. Stat. (Sup.), § 10249-2 [P.P.C. § 782-5], provides in part:

"Every prisoner who has a favorable record of conduct at the penitentiary or the reformatory, as the case may be, or the laws of the state, and who performs in a faithful, diligent, industrious, orderly and peaceable manner the work, duties and tasks assigned to him to the satisfaction of the superintendent of the penitentiary or the reformatory, as the case may be, and in whose behalf the superintendent of the penitentiary or reformatory shall file a report certifying that his or her conduct and work have been meritorious and recommending allowance of time credits to him or her, shall upon, but not until, the adoption of such recommendation by the board of prison, terms and paroles, be allowed time credit reductions from the term of imprisonment fixed by the board of prison, terms and paroles."

Rem. Rev. Stat. (Sup.), § 10249-4 [P.P.C. § 786-1], provides in part:

"The board of prison, terms and paroles shall have the power to establish rules and regulations under which a convicted person may be allowed to leave the confines of the penitentiary or the reformatory on parole, and shall also have the power to return such person to the confines of the institution from which he or she was paroled, at its discretion. . . .

"The provisions of this act so far as applicable thereto are to apply to *all convicted persons now serving time in the penitentiary or the reformatory,* to the end that at all times the same provisions relating to sentences, imprisonments and paroles of prisoners shall apply to all the inmates thereof: *Provided further,* That no prisoner shall be released from the penitentiary or the reformatory unless, in the opinion of the board of prison, terms and paroles, his rehabilitation has been complete and he is a fit subject for release, or until his maximum term expires." (Italics ours.)

If the board of prison terms and paroles stated to appellant that it had no jurisdiction over his case, he having been sentenced in 1930, prior to the effective date of the act creating the board of prison terms and paroles, we are not in accord with such statement. We are of the opinion that the board, under the statutes and under our decision in *State ex rel. Linden v. Bunge,* 192 Wash. 245, 73 P. (2d) 516, has and had jurisdiction to consider appellant's appli-

cation for parole, at least after he had actually served the full minimum term fixed by his sentence.

We think our conclusion that the board of prison terms and paroles has jurisdiction, in a proper case, over persons convicted and sentenced prior to the passage of the act of 1935, is also borne out by the following statement found in the case of *Williams v. McCauley, supra:*

"We are of the view that there is now open to appellant the only relief to which he would have been entitled had a legal minimum sentence been imposed, namely, the right to have his case considered by the board of prison, terms, and paroles."

We assume, in view of what is stated herein, that the board of prison terms and paroles will accord to appellant such relief as he may be entitled to under the act.

For the reasons herein assigned, the order of the trial court is affirmed.

BEALS, C. J., BLAKE, ROBINSON, and CONNELLY, JJ., concur.