[No. 30894. Department One. May 27, 1949.]

*In the Matter of the Application for a Writ of Habeas Corpus of* HOWARD WHIPPLE, *Appellant,* v. TOM SMITH, *as Superintendent of the State Penitentiary, Respondent.*[1]

*Howard Whipple, pro se.*

*The Attorney General* and *Paul Sinnitt, Assistant,* for respondent.

MALLERY, J.—The petitioner, an inmate of the Washington state penitentiary at Walla Walla, applied to this court

[1]Reported in 206 P. (2d) 510.

for a writ of *habeas corpus*, alleging that he was being held under a judgment and sentence by a justice of the peace and that the warden of the penitentiary was without authority to hold him for want of a warrant of commitment.

Rule of Supreme Court 29, 18 Wn. (2d) 26-a, provides, among other things, as follows:

"(1) Any judge of this court *may* issue writs of *habeas corpus*, returnable before himself or this court, or any superior court or any judge thereof; or *may* make an order to show cause why the writ should not issue, returnable before this court, or any judge thereof, or before any superior court, or any judge thereof.

"(2) Unless there be special reasons to the contrary, writs of *habeas corpus* will be issued by this court only after a hearing upon an order to show cause." (Italics ours.)

Because of the factual allegations of the petition, this court issued its order to show cause returnable before the superior court of Lincoln county, where petitioner had been convicted and sentenced. The petitioner thereupon sought an order from the superior court of Lincoln county to produce him in that court on the return day as a witness for himself. The superior court refused to issue such an order.

Upon the return day, it was established that the petitioner was not being confined in the penitentiary at Walla Walla by virtue of a judgment and sentence by a justice of the peace. On the contrary, the judgment and sentence, regular upon its face, was issued out of the superior court for Lincoln county. Accordingly, the court denied the petition for a writ of *habeas corpus*, and from the order of denial the petitioner appeals. He assigns as error the refusal to issue the writ of *habeas corpus* when it appeared that there was no warrant of commitment in the return to the show cause order and upon the further ground that it was error to refuse to require the production of the appellant before the court to give testimony as a witness for himself and to act as his own attorney.

In *Walker v. Johnston,* 312 U. S. 275, 85 L. Ed. 830, 61 S. Ct. 574, interpreting the pertinent Federal statute, the court stated:

"It will be observed that if, upon the face of the petition, it appears that the party is not entitled to the writ, the court may refuse to issue it. Since the allegations of such petitions are often inconclusive, the practice has grown up of issuing an order to show cause, which the respondent may answer. By this procedure the facts on which the opposing parties rely may be exhibited, and the court may find that no issue of fact is involved. In this way useless grant of the writ with consequent production of the prisoner and of witnesses may be avoided where from undisputed facts or from incontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting the writ exists. This practice has long been followed by this court and by the lower courts."

■ The practice in this state is consonant with the Federal practice. Under our rule, upon the filing of a petition for a writ of *habeas corpus,* unless there be special reasons to the contrary, only an order to show cause is issued. Even an order to show cause will not be issued unless upon the face of the petition a *prima facie* case of merit is made out. See *Fathers v. Smith,* 25 Wn. (2d) 896, 171 P. (2d) 1012; 25 Am. Jur. 153, Habeas Corpus § 16.

■ The appellant's contention that his incarceration is illegal for want of a warrant of commitment, is without merit. Rem. Rev. Stat., § 2207 [P.P.C. 134-33], provides as follows:

"When any person shall be sentenced to be imprisoned in the penitentiary or county jail, the clerk of the court shall, as soon as may be, make out and deliver to the sheriff of the county, or his deputy, a transcript, from the minutes of the court, of such conviction and sentence, fully certified by such clerk, which shall be sufficient authority for such sheriff to execute the sentence, who shall execute it accordingly."

There is no other statute touching anything that might be called a "warrant of commitment." This statute is clear upon its face, and in addition it has been interpreted in

*State v. Hatfield,* 66 Wash. 9, 118 Pac. 893, 38 L. R. A. (N. S.) 609, against appellant's contention. Appellant is being held by the warden of the penitentiary by virtue of a valid judgment and sentence of the superior court, and there is no reason why the warden should have in his possession a "warrant of commitment," which is merely the sheriff's authority to transfer the prisoner from the county of sentence to the penitentiary. See *Ex parte Wilson,* 114 U. S. 417, 421, 29 L. Ed. 89, 5 S. Ct. 935; *Hill v. United States,* 298 U. S. 460, 465, 80 L. Ed. 1283, 56 S. Ct. 760, 762; *Howard v. United States,* 75 Fed. 986, 989; *Biddle v. Shirley,* 16 F. (2d) 566, 567; *Aderhold v. McCarthy,* 65 F. (2d) 452; *Watkins v. Merry,* 106 F. (2d) 360; *Cornell v. Mason,* 46 Idaho 112, 268 Pac. 8; *People v. Stacey,* 372 Ill. 478, 24 N. E. (2d) 378; *Ex parte Simpson,* 300 S. W. 491; *State v. Blum,* 57 N. D. 619, 223 N. W. 697; *People ex rel. Trainor v. Baker,* 89 N. Y. 460, 465; 15 Am. Jur. 153, Criminal Law § 502; 24 C. J. S. 158, Criminal Law § 1607.

 There is no merit in appellant's contention that it was error for the court not to require his presence at the hearing on the show cause order. It would appear that appellant is confused as to his constitutional rights.

It is true that, in all the proceedings leading up to conviction and sentence, the due process of law provisions of the constitution require his presence. After the judgment and sentence, the applicability of those provisions are terminated. No citations are necessary for the universally accepted rule that subsequent proceedings such as appeals and applications for writs are not a part of the due process of law as contemplated by the constitution. Indeed, on appeals, the appellants are rarely if ever present in person. See *Price v. Johnston,* 334 U. S. 266, 92 L. Ed. 1356, 68 S. Ct. 1049.

The rule with regard to the presence of the prisoner at a hearing to show cause on issues of law is well established.

"The court may hear questions of law arising on the return without the personal presence of the prisoner, and whether or not it will do so is a matter within its discretion." 39 C. J. S. 658, Habeas Corpus § 90.

The question has also arisen with regard to the prisoner's presence at a hearing where, as here, the issues were purely factual. In the most recent of a series of cases involving this question, the Pennsylvania court said:

"It is well settled, however, that in such a proceeding the relator need not be produced unless the court deems his presence necessary." *Commonwealth ex rel. O'Niel v. Ashe,* 337 Pa. 230, 10 A. (2d) 404.

The matter of the production of the petitioner on any of the civil proceedings looking to the issuance of a writ of *habeas corpus* is within the sound discretion of the court, and a prisoner who is irked with his incarceration may not secure the diversion of a trip to a distant court as a matter of right.

The order is affirmed.

JEFFERS, C. J., BEALS, STEINERT, and HILL, JJ., concur.