[No. 31712. Department One. April 19, 1951.]

*In the Matter of the Application for a Writ of Habeas Corpus of* HARVEY BUTLER, *Petitioner,* v. JOHN R. CRANOR, *as Superintendent of the State Penitentiary, Respondent.*[1]

*Harvey Butler, pro se.*

*The Attorney General* and *Jennings P. Felix, Assistant,* for respondent.

DONWORTH, J.—Petitioner, Harvey Butler, has made application to this court for a writ of *habeas corpus* to obtain his release from imprisonment in the state penitentiary.

Petitioner was sentenced November 30, 1937, upon his plea of guilty in the superior court for Yakima county, to imprisonment in the state penitentiary for not more than fifteen years on each of two counts charging him with the crime of burglary in the second degree. These sentences were to run concurrently. Shortly thereafter, the board of prison terms and paroles (herein called the Board) fixed petitioner's minimum sentence at seven and one-half years. Petitioner in his affidavit says that he was awarded "good time" credit of two and one-half years on November 29, 1942. He makes no reference to the various proceedings had before the Board as stated by the attorney general and described in the next succeeding paragraph.

The memorandum submitted by the attorney general on behalf of respondent shows that petitioner was paroled on

[1] Reported in 230 P. (2d) 306.

the last mentioned date, but that this parole was revoked two months later. In July, 1943, the Board, after granting petitioner a hearing, increased his minimum sentence fifteen months. Petitioner escaped from the penitentiary in December, 1943, and was at large for more than two months before he was apprehended. The Board, after again hearing petitioner, in March, 1944, increased his minimum sentence three years and one month. Petitioner was again paroled in November, 1949, and this second parol was revoked in March, 1950. After according petitioner a hearing in July, 1950, the Board increased his minimum sentence to coincide with the maximum sentence of fifteen years fixed by the court in 1937. Thereafter, petitioner again escaped from the penitentiary but was apprehended on the same day. He has been confined continually since his apprehension.

Petitioner does not question the validity of the judgment and sentence imposed in 1937, but contends that his time credits were not revoked until after, by the theory he urges upon us, his entire sentence was served. His complaint is stated in the concluding paragraph of his brief as follows:

"Petitioner respectfully submits that on the basis of the above authorities, he is entitled to discharge from imprisonment as a matter of legal right since he has served the maximum sentence, less good-time, five (5) years of which had been allowed, but due to the fact that the Parole Board raised the petitioner's minimum sentence, petitioner has served the two (2) years loss of good-time and was paroled on December 12, 1949, with no loss of good-time on or beyond that date."

The theory upon which petitioner claims that he is unlawfully detained is that he was entitled to release as a matter of right at the expiration of his maximum sentence less time credits. To put it in another way, petitioner claims that when he was paroled on December 12, 1949, he had served more than twelve years out of his maximum term of fifteen years and that his time credits must, as a matter of law, be deducted from the maximum sentence. On this basis, petitioner states that he has served his sentence (fifteen

years less five years of time credits) and is now being illegally detained in the penitentiary.

The only case cited by petitioner which arises under the Washington statute is *Fathers v. Smith*, 25 Wn. (2d) 896, 171 P. (2d) 1012. In that case, we quoted the applicable portions of the statute (Rem. Rev. Stat. (Sup.), § 10249-1 [P.P.C. § 782-1] *et seq.*) and held that the Board might exercise its discretion in carrying out its functions thereunder. An examination of the pertinent statutes and the cases decided under them demonstrates the unsoundness of petitioner's position. Rem. Supp. 1947, § 10249-2. provides for the allowance of time credits, but does not provide that one to whom such credits have been given must be released when his maximum term, less the time credits, has expired. Reading the applicable statute, we find that Rem. Rev. Stat. (Sup.), § 10249-4, contains this provision:

"*Provided further,* That no prisoner shall be released from the penitentiary or the reformatory unless, in the opinion of the Board of Prison, Terms and Paroles, his rehabilitation has been complete and he is a fit subject for release, or until his maximum term expires."

Our previous decisions interpreting this statute make it plain that a prisoner in the penitentiary or reformatory is not entitled to release as a matter of right until he has completed his maximum sentence.

In *In re Pierce v. Smith*, 31 Wn. (2d) 52, 195 P. (2d) 112, we said:

"Manifestly, a person is not entitled to release from the state penitentiary or reformatory prior to the expiration of his maximum term, unless the board of prison terms and paroles is of the view that he has been rehabilitated."

In the case of *In re Wyback*, 32 Wn. (2d) 780, 203 P. (2d) 1083, in which the Board had taken time credits from the petitioner, we said:

"The discretionary power of the board as to the shortening of his term of confinement is a continuing one, which is terminated only by the expiration of his sentence under the commitment of the court."

In *Lindsey v. Superior Court*, 33 Wn. (2d) 94, 204 P. (2d) 482, we said:

"The discharge or release from imprisonment of a convicted person serving a maximum sentence is not, prior to the expiration of his maximum term, a matter of right, but is a matter of discretion with the board of prison terms and paroles. Such prisoner may not be released from the penitentiary or the reformatory unless, in the opinion of the board of prison terms and paroles, his rehabilitation has been complete and he is a fit subject for release, or else until his maximum term has expired."

Since petitioner has no vested right to be released from confinement prior to the expiration of his maximum sentence (which has not yet expired), the matter of his release prior thereto lies entirely in the discretion of the Board. Therefore, petitioner has not made a sufficient showing that he is being illegally detained by respondent, and for that reason this petition should be, and hereby is, denied.

SCHWELLENBACH, C. J., BEALS, HILL, and FINLEY, JJ., concur.