[No. 31834.  Department Two.  September 13, 1951.]

*In the Matter of the Application for a Writ of Habeas Corpus of* LAWRENCE KENSTRIP, *Petitioner,* v. JOHN R. CRANOR, *as Superintendent of the State Penitentiary, Respondent.*[1]

[1]Reported in 235 P. (2d) 467.

*Lawrence Kenstrip, pro se.*

*The Attorney General, Jennings P. Felix* and *Robert A. Comfort, Assistants,* for respondent.

MALLERY, J.—This matter is before this court on an order to show cause why the petitioner's prayer for a writ of *habeas corpus* should not be granted.

It appears, by the return on the show cause order, that petitioner entered a plea of guilty to a charge of first degree assault; that the court was aware of his previous commitment to the insane asylum, from which he had escaped; that the court examined him and determined, in its own mind, that he was sane; that he waived counsel; and that the court accepted his plea of guilty and sentenced him thereon.

This is a case of first instance, and the rule of this opinion is limited to the rights of a person charged with a crime committed after being adjudicated insane by a court of competent jurisdiction.

Petitioner is now asserting his insanity, and seeks to be transferred from the penitentiary to the Western state hospital at Steilacoom. So long as petitioner remains in custody, it might be thought that the particular place of confinement is not too important an issue. We cannot assume, however, that petitioner will always assert his insanity and be content to remain in custody.

The procedure and requirements for obtaining a release from the Western state hospital are distinct from those of the penitentiary and/or the insane ward thereof. It is with this in mind that we approach the question here presented.

■ The law does not inflict punishment as such upon the insane. They are presumed to be incapable of appreciating its significance. It only protects society against the menace of the criminally insane. Indeed, incarceration may continue after sanity is restored, where a relapse into criminal insanity is likely. See *State v. Tugas, ante* p. 241, 234 P. (2d) 1082.

■ The doing of criminal acts makes an insane person criminally insane. The safety of society requires that the law distinguish the insane from the criminally insane in its disposition of them.

Accordingly, petitioner's prayer to be removed to Western state hospital is denied.

We next consider his commitment to the penitentiary as a criminal.

We said in *In re Burnett*, 30 Wn. (2d) 160, 191 P. (2d) 283:

■ "It is the settled law that every person is presumed to be sane and competent; but, when one is adjudged to be of unsound mind and under guardianship, the presumption arises in favor of the continued existence of the incompetency, and, if recovery is claimed to have occurred, the burden of proving it is upon the person making the allegation. [Citing cases.]"

Thus, at the time of arraignment, petitioner was presumed to be insane.

■■ It may be frankly conceded that a mental condition can vary from time to time, and that the presumption of the continuance of such a condition is rebuttable. Nevertheless, an adjudication as to a mental condition would be an idle gesture without such a presumption. We do not mean to say that one adjudged insane gains permanent immunity from punishment for crime. We do mean that, while so adjudicated, the presumption requires the appointment of an attorney as next friend and counsel, prior

to arraignment, to make that step in criminal procedure accord with due process of law. This is because a plea of guilty is due process of law when made with understanding, and otherwise it is not.

■ Arraignment and trial are separate steps in the due process of law. Upon the trial of a criminal charge, the defense of insanity must be pleaded and proved by the defendant. A *prima facie* showing by competent evidence takes insanity to the jury as a separate issue, and the defendant thereby has his day in court upon it. This dispenses with the need for an adjudication of the issue prior to trial, because due process requires but *one* day in court.

We have denied petitioner's prayer for a transfer from the penitentiary to Western state hospital. Because of the presumption of his insanity, we do not consider the technical defects in his pleadings and grant the full relief to which he is entitled.

■ We direct that the petitioner be brought before the trial court; that his plea and sentence be set aside; that an attorney be appointed as his next friend and counsel; and that, thereafter, he again be arraigned and dealt with according to law.

SCHWELLENBACH, C. J., GRADY, HAMLEY, and DONWORTH, JJ., concur.