[No. 31866. Department One. January 31, 1952.]

*In the Matter of the Application for a writ of Habeas Corpus of* GREEN WILBURN, *Petitioner,* v. JOHN R. CRANOR, *as Superintendent of the State Penitentiary, Respondent.*[1]

*Green Wilburn, pro se.*

*The Attorney General* and *Jennings P. Felix, Assistant,* for respondent.

PER CURIAM.—The petitioner is an inmate of the Washington state penitentiary. He was convicted of second-degree burglary, and sentenced to a term of fifteen years. He was represented by counsel and had a jury trial.

[1]Reported in 240 P. (2d) 563.

██ He petitions this court for a writ of *habeas corpus* upon two grounds. The first is that he was charged by information rather than by an indictment by a grand jury, which he claims contravenes his constitutional rights as provided by the fifth and fourteenth amendments to the constitution of the United States. This contention has previously been decided adversely to petitioner. See *In re Payne v. Smith*, 30 Wn. (2d) 646, 192 P. (2d) 964; *Gaines v. Washington*, 277 U. S. 81, 72 L. Ed. 793, 48 S. Ct. 468; and *Hebert v. Louisiana*, 272 U. S. 312, 71 L. Ed. 270, 47 S. Ct. 103, 48 A. L. R. 1102.

██ The second ground for seeking the writ is that petitioner is a negro, and that it is the established practice in Yakima county to exclude negroes from the jury panel. Petitioner's counsel accepted the jury which convicted him. No appeal was taken. Petitioner seeks to raise the question for the first time in his application for a writ of *habeas corpus*.

Without discussing the question as to what requirements must be met in selecting petit jury panels and petit juries, and conceding that substantial questions can be properly and timely raised with regard thereto, still such a question cannot be reached in this state in a *habeas corpus* proceeding. Indeed, it cannot be raised for the first time in an appeal from a conviction. See *State v. Perry*, 24 Wn. (2d) 764, 167 P. (2d) 173. The reason for this rule is well pointed out in *Carruthers v. Reed*, 102 F. (2d) 933, in which it was said:

"Where parties, even in a criminal case, knowingly and deliberately adopt a course of procedure which at the time appears to be to their best interest, they cannot be permitted at a later time, after a decision has been rendered adverse to them, to obtain a retrial according to procedure which they have voluntarily discarded and waived. *Johnson v. Zerbst*, supra [304 U. S. 458], syl. 2, page 458, 58 S. Ct. page 1019. Full opportunity having been afforded the appellants to apply to have the jury panel quashed and to have negroes summoned on a new jury panel, they could not deliberately withhold their application for such procedure and then be heard after conviction to assert on habeas

corpus that their conviction was void. *Such is not the function of the writ of habeas corpus.* In the situation presented there was no denial of judicial remedy; therefore there was no denial of equal protection nor of due process of law. The decision of their counsel learned in the law, an attorney of judgment, experience and discretion, that their interests would not be furthered by filing the application, was binding upon the appellants." (Italics ours.)

The petition is denied.