[No. 32182.   Department One.   May 8, 1953.]

*In the Matter of the Application for a Writ of Habeas Corpus of* BEN F. MASON, *Appellant,* v. JOHN R. CRANOR, *as Superintendent of the State Penitentiary, Respondent.*[1]

[1]Reported in 257 P. (2d) 211.

*Willard J. Roe,* for appellant.

*The Attorney General* and *Rudolph Naccarato, Assistant,* for respondent.

OLSON, J.—This is an appeal from a judgment denying a writ of *habeas corpus.* Petitioner, who is confined in the state penitentiary at Walla Walla, filed his application in this court. The chief justice ordered that the matter be heard in Spokane county, where the last sentences were imposed upon petitioner. He appeared at this hearing and was represented by counsel appointed by the court.

On June 21, 1939, petitioner was sentenced in King county to a maximum term of fifteen years, upon his plea of guilty to a charge of grand larceny committed March 1, 1937. He was sentenced in Spokane county on March 11, 1950, upon his conviction by a jury on four counts of the crime of

forgery, and was sentenced to a maximum term of twenty years on each count, to be served concurrently.

In his answer to the application for the writ, respondent asserts that he is holding petitioner pursuant to these judgments and sentences and that they are valid.

■ A proceeding for a writ of *habeas corpus* cannot be used to review alleged trial errors. It is limited by law to those cases in which it appears that the judgment and sentence under which petitioner is confined is void on its face. *In re Mohr v. Smith,* 26 Wn. (2d) 188, 192, 173 P. (2d) 141 (1946), and cases cited; *In re Thompson v. Smith,* 33 Wn. (2d) 142, 143, 204 P. (2d) 525 (1949), and case cited.

■ The judgments and sentences under which petitioner is held are not a part of the record in this proceeding. We assume that each is regular and valid on its face, and, therefore, neither is subject to collateral attack. *In re Thompson v. Smith, supra,* p. 144; *In re Scott v. Callahan,* 39 Wn. (2d) 801, 806, 239 P. (2d) 333 (1951). See *In re Pettus v. Cranor,* 41 Wn. (2d) 567, 569, 250 P. (2d) 542 (1952), and cases cited; 28 Wash. L. Rev. 47, on scope of review in *habeas corpus.*

Petitioner contends that his application in this case removes these limitations upon the inquiry, because he pleads that rights guaranteed to him by the constitutions of the state of Washington and of the United States have been violated. He argues that the presentation of a Federal question by the pleadings, makes it the duty of this court to determine in its opinion whether or not he has been denied any right guaranteed by the constitution of the United States. RCW 7.36.130, 7.36.140 [*cf.* Rem. Supp. 1947, §§ 1075, 1085-2].

The first such right which he alleges was denied to him, rests upon his allegation that the evidence upon which he was convicted in Spokane county was obtained by an illegal search and seizure. United States constitution, amendment 4 (also see Washington constitution, Art. I, § 7). This question was presented in his criminal case by his motion to suppress this evidence before the commencement of the

trial. The motion was denied. Petitioner does not contend that this motion was not presented fairly. In fact, he affirmatively disavows such a claim.

■ By his motion to suppress the evidence, petitioner raised no more than a question of its admissibility. The fact that the ground upon which his motion was rested has its source in the constitution, does not make the question presented one which we can consider in a *habeas corpus* proceeding. Any error which the court might have made in connection with the motion was a trial error pertaining to the manner and form of the trial, and not to the jurisdiction of the court. See *In re Thompson v. Smith, supra,* and *In re Wilburn v. Cranor,* 40 Wn. (2d) 38, 240 P. (2d) 563 (1952), in which constitutional questions were considered and procedural questions were denied consideration.

■■ Regardless of the action of the court upon the motion, petitioner has not attempted to support a claim that the hearing on it was obviously so unfair and unjust that he was denied due process of law, in its procedural aspect or otherwise. See *Thorne v. Callahan,* 39 Wn. (2d) 43, 58 *et seq.,* 234 P. (2d) 517 (1951); *In re Petrie,* 40 Wn. (2d) 809, 812, 246 P. (2d) 465 (1952), and cases cited. He is entitled to but one hearing upon this issue. Due process does not require more. See *In re Kenstrip v. Cranor,* 39 Wn. (2d) 403, 406, 235 P. (2d) 467 (1951). Petitioner's contention could and should have been raised and reviewed on appeal. Having failed to do that, he cannot use it as the basis for this collateral attack upon the valid judgments and sentences under which he is held.

■■ Petitioner contends that he could not present this question on appeal because he could not perfect his appeal from the Spokane county judgment and sentence, when, after he gave notice of appeal, he was denied leave to proceed with it *in forma pauperis.* An appeal is not a part of due process of law, as contemplated by the constitution. *In re Whipple v. Smith,* 33 Wn. (2d) 615, 618, 206 P. (2d) 510 (1949). The legislature has the power to regulate the right of appeal, and such regulations, when reasonable,

infringe upon no constitutional rights of a litigant. *State v. Gundlach,* 36 Wn. (2d) 918, 921, 221 P. (2d) 502 (1950).

The constitutional right of an accused to an appeal does not include, even in a capital case, the right for an impecunious defendant to require the county to defray the cost of the appellate record. *State ex rel. Bird v. Superior Court,* 30 Wn. (2d) 785, 788, 194 P. (2d) 374 (1948), and cases cited. A petition for allowance of the cost of the statement of facts and transcript as a pauper, under RCW 2.32.240 [*cf.* Rem. Supp. 1943, § 42-5], is addressed to the discretion of the court. *State v. Perkins,* 32 Wn. (2d) 810, 866, 204 P. (2d) 207 (1949), and case cited. If it is denied, the petitioner has a remedy. See the *Bird* case, *supra,* pp. 788, 789. Petitioner's failure to perfect his appeal in his criminal case for the reason he advances, is of no assistance to him in his effort to broaden the scope of the inquiry in this proceeding.

Petitioner further contends that he has submitted a constitutional question by pleading that the 1939 amendment to the act defining the powers of the board of prison terms and paroles, permitted that board to order the confinement of a prisoner for the maximum term of his sentence. Rem. Rev. Stat. (Sup.), § 10249-4 [*cf.* RCW 9.95.100]. He contends that such authority was not contained in the 1935 act defining the powers of the board, and that the 1939 amendment, subsequent to the date of the offense for which he was convicted in 1939, is an *ex post facto* enactment, contravening his right under the United States constitution, Art. I, § 10 (also, see Washington constitution, Art. I, § 23).

This question is within the scope of this proceeding because it might affect the duration of petitioner's detention, even though he is also held under a valid sentence imposed in Spokane county in 1950. There was no occasion to present it to the trial court when he was sentenced in 1939 or at all, until this proceeding. It did not become important to petitioner until he was arrested in 1950 and returned to the penitentiary for violation of his parole under his 1939 sentence.

■ The board had the authority to order the confinement of a prisoner for the maximum term of his sentence, and he had no right to his release before that term expired, under the 1935 act and before the 1939 amendment. *In re Pierce v. Smith,* 31 Wn. (2d) 52, 56, 195 P. (2d) 112 (1948), and case cited. The 1939 amendment did not enlarge the power of the board. It has the same power under that act. *In re Butler v. Cranor,* 38 Wn. (2d) 471, 473, 230 P. (2d) 306 (1951).

■ The board has no power to affect the maximum term of a sentence in any manner. *In re Scott v. Callahan, supra,* p. 804. The allowance of credits for "good time" cannot have this result. *In re Butler v. Cranor, supra,* p. 473 (sentence imposed before the 1939 amendment).

■ The 1939 sentence imposed upon petitioner has not expired by the happening of any of the three events which control its termination: (1) an absolute pardon from the governor; (2) his death; or (3) the expiration of his maximum sentence. *In re Scott v. Callahan, supra,* p. 804. The board's power to return a parolee for violation of his parole at any time during his maximum sentence, has been sustained so often that its affirmance needs no citation of authority. Petitioner's contention is without merit.

Petitioner's claim that his Spokane sentences are void because they do not specify that their terms shall not commence until after the expiration of the term of his King county sentence, is without merit. He cites Rem. Rev. Stat., § 2285 [*cf.* RCW 9.92.080]. The judgments and sentences upon which he is held are not before us. As stated previously, they are presumed to be valid and, being valid, cannot be attacked in this proceeding. See *In re Pettus v. Cranor, supra,* p. 530.

■ There is one other question inherent in this case which we feel obliged to discuss. It arises from the fact that petitioner's opening and reply briefs, which he chose to prepare himself, contain a total of 324 pages. Such length is unreasonable and unnecessary. It constitutes an abuse of the privilege granted petitioner by the trial court, assum-

ing that it correctly decided, in the exercise of its discretionary authority under RCW 7.36.250 [cf. Rem. Supp. 1947, § 1085-1], to order Spokane county to pay the expense of petitioner's briefs and record on appeal.

Were this an ordinary civil cause, we would disallow part or all of the cost of petitioner's briefs, under Rule on Appeal 55, 34A Wn. (2d) 58, 59. Such an order would be futile here, and obviously will be in any case where the same discretionary order is made by the trial court. However, discretion to allow the printing of briefs at county expense must include discretion to determine and impose a reasonable limitation upon their length and consequent cost. Such discretion must be lodged somewhere. It is preferable to lodge it in the trial judges, rather than in the petitioners. This will insure its sound exercise in the future, so that its abuse by any petitioner will not result in its loss to all petitioners.

No such indication was available for the guidance of the trial judge in this case, and we intend no criticism of him. He was very patient and fair. Nor did Mr. Willard Roe, who appeared as counsel for petitioner both in the trial court and in this court, contribute in any way to this abuse. His services were rendered without compensation, in apparent recognition of his professional responsibility.

Our disposition of the case makes it unnecessary to consider other assignments of error made by petitioner.

The judgment is affirmed.

GRADY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.

GRADY, C. J. (concurring specially)—I have signed the opinion, but desire to concur specially in the result reached that the trial court did not err in denying the application for a writ of *habeas corpus*. My special concurrence is upon the ground that in securing the evidence referred to, there was no violation of amendment 4 of the United States constitution.

The claim made that the evidence was obtained unlawfully does more than merely raise a question of its admissibility. Inherent in such question is also the one whether

the evidence was obtained in violation of the constitution.

It is my belief that we must consider and decide this question in order to comply with RCW 7.36.140, which enlarges the scope of inquiry in a *habeas corpus* proceeding.

The fact that the Federal question was raised and decided at the trial of the criminal case does not make it *res judicata* in a subsequent *habeas corpus* proceeding. The Federal courts have decided that one seeking a writ of *habeas corpus* in those courts must show that he has exhausted his state remedies, one of which may be a petition to the state courts based upon a violation of rights guaranteed by the United States constitution. If such a petition is filed, the statute above cited requires that we decide the Federal question raised. If the petition is denied, the requirement is met and the Federal courts are then open to petitioner in so far as that question is concerned.