[No. 32417. *En Banc.* July 13, 1953.]

*In the Matter of the Application for a Writ of Habeas Corpus of* JAY VARNER, *Petitioner*, v. JOHN R. CRANOR, *as Superintendent of the State Peni-tentiary, Respondent.*[1]

[1]Reported in 259 P (2d) 416.

*Adolf D. Koch*, for petitioner.

*The Attorney General* and *Cyrus A. Dimmick, Assistant*, for respondent.

FINLEY, J.—On August 1, 1952, in cause No. 5186, Clark county, the petitioner was charged, pleaded guilty, and was sentenced on two counts of an information charging incest involving both of his two daughters, ages nine and fourteen. In his petition for a writ of *habeas corpus*, the petitioner points out that he was adjudged legally insane on the 13th day of April 1945, and was committed to the Western State Hospital by court order in cause No. 9925, Clark county, a copy of the judgment and the commitment being attached to his petition. In his brief, petitioner cites *In re Burnett*, 30 Wn. (2d) 160, 191 P. (2d) 283, and *In re Kenstrip v. Cranor*, 39 Wn. (2d) 403, 235 P. (2d) 467, as authority for the proposition that he was, as a legal matter, presumptively insane on August 1, 1952, the date he was arraigned, pleaded guilty, and was sentenced on the counts of incest, mentioned above.

We have examined the transcript relative to the arraignment proceedings and are convinced that nothing is contained therein adequately to counter the presumption of the petitioner's insanity on the indicated date. In the *Kenstrip* case, *supra*, we quoted from the *Burnett* case, *supra*, and commented as follows:

" 'It is the settled law that every person is presumed to be sane and competent; but, when one is adjudged to be of unsound mind and under guardianship, the presumption arises in favor of the continued existence of the incompetency, and, if recovery is claimed to have occurred, the burden of proving it is upon the person making the allegation. [Citing cases.]'

"Thus, at the time of arraignment, petitioner was presumed to be insane.

"It may be frankly conceded that a mental condition can vary from time to time, and that the presumption of the continuance of such a condition is rebuttable. Nevertheless, an adjudication as to a mental condition would be an idle gesture without such a presumption. We do not mean to say that one adjudged insane gains permanent immunity

from punishment for crime. We do mean that, while so adjudicated, the presumption requires the appointment of an attorney as next friend and counsel, prior to arraignment, to make that step in criminal procedure accord with due process of law. This is because a plea of guilty is due process of law when made with understanding, and otherwise it is not."

■ Our opinion in the *Kenstrip* case is decisive of the basic question presented to us in the instant petition for a writ of *habeas corpus*. As was done in the *Kenstrip* case, we here direct that the petitioner be taken before the trial court; that his plea and sentence be set aside; that an attorney be appointed as his next friend and counsel; that thereafter, the petitioner again be arraigned and dealt with according to law.

ALL CONCUR.