Ben F. MASON, Appellant,

v.

John R. CRANOR, Superintendent Washington State Penitentiary at Walla Walla, Washington, Appellee.

No. 14597.

United States Court of Appeals Ninth Circuit.

June 21, 1955.

See also 219 F.2d 235.

**558**

Ben F. Mason, appellant, in pro. per.

Don Eastvold, Atty. Gen., Cyrus A. Dimmick, Asst. Atty. Gen., State of Washington, for appellee.

Before STEPHENS, HEALY and FEE, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

Petitioner filed for a writ of habeas corpus. The District Judge held a hearing on the petition and a return and answer filed by John R. Cranor, Superintendent of the Washington State Penitentiary, through Don Eastvold, Attorney General of the State of Washington. Petitioner was not present in person, but was represented by attorneys. Findings of fact and conclusions of law were entered. The petition was then dismissed.

■ It appears from the return that: Petitioner is confined in the Washington State Penitentiary on a judgment founded on a plea of guilty to the crime of grand larceny. On June 21, 1939, he was sentenced thereon to fifteen years' imprisonment; "that this sentence has not yet expired; that the petitioner has not been granted a pardon; and he is not now entitled to a parole." These statements are not controverted. This record alone justified the dismissal of the petition.

The return also sets up commitment upon a judgment and sentence entered in the state court on March 11, 1950, after a trial of defendant and conviction by jury of four counts of first degree forgery. This sentence has not expired, and petitioner has not been pardoned and is not entitled to a parole. It would probably be unnecessary to pass upon the validity of this judgment since imprisonment is unquestionably legal under the judgment of June 21, 1939. However, the able trial judge did review this matter and has granted a certificate of probable cause, although it seems undoubtedly, this was done out of conscientious scruples and not compelled by the record.

There is no doubt this judgment is valid as against any points raised in this proceeding. Besides, it has been passed upon previously.[1]

---

1. Mason v. Cranor, 42 Wash.2d 610, 257 P.2d 211.

Petitioner complains he was arrested without a warrant before his forgery of the four checks upon which he was last convicted had as yet become known to the authorities. But he had already forfeited his liberty in the interests of society by a felony conviction of June 21, 1939. The term of imprisonment had not expired. He had been granted a parole which provided:

"This parole is granted to and accepted by the parolee subject to all its terms and conditions, and with the understanding that the Board of Prison Terms and Paroles may at any time within its discretion and without notice cause the parolee to be returned to the said institution to serve the full maximum sentence or any part thereof."

Mason had expressly agreed in writing to the conditions.

Mason was arrested by Spokane City Police, charged with disorderly conduct on January 10, 1950, and posted bail of $15.00. He forfeited bail, was taken into custody by the City Police and the state parole officer in the Spokane district, A. J. Murphy. There is a curious contention that this recapture and detention was not lawful or lacked some formality. Bail is posted for appearance. Nonappearance and forfeiture of bail do not free the defendant of the necessity of responding to the charge or of returning to custody until he answer. Since the Spokane City Police officer took part in the apprehension of petitioner and he was reconfined in the city jail, there was a complete justification for detention upon the above circumstances alone.

But in December, 1949, Mason had forged checks and cashed these at the Spokane Hotel and the Desert Hotel. Such instruments were the basis of the charges upon which he was later convicted and sentenced on the judgment now under attack. These forged documents had been in possession of the Spokane City Police almost a month before the arrest of Mason for disorderly conduct on January 10, 1950. However, these officers did not know at the time of this arrest that Mason was the forger.

However, the city police officer who went with Murphy, the parole officer, to take Mason into custody, was Lampier, who had these forged checks in his office. He did not know when he took Mason to the city jail that the latter was the forger.

Mason's objection seems to be that he was picked up without a warrant, not for the offense of disorderly conduct, but for a violation of his parole by failing to conduct himself in accordance with the conditions. But, at the time he was taken into custody, Murphy, the state parole officer "informed him that he was a violator for two reasons: One, inasmuch as he came to Spokane and got arrested for being drunk and disorderly, and the other because I had been notified that there was a check out." It is apparent from this statement that the drunk and disorderly charge upon which he had been arrested and which was still pending was linked with his recapture as a parole violator.

It would be a highly technical mind which could find a way to make the detention of Mason on January 10 appear unlawful.

Murphy had in his possession a memorandum dated October 7, 1949, from the chief parole officer, stating in effect that petitioner had violated his parole in Klickitat County and that he was to be classed as a violator as he was "wanted by the Prosecuting Attorney of Klickitat County on a check deal." This memorandum contained the direction: "If you should locate this subject, please apprehend and then notify this department immediately." This communication was on stationery headed "Board of Prison Terms and Paroles, Seattle, Wash."

Based upon these factors, the arrest was made and petitioner was placed first in the Spokane City Jail, and, as there were more developments, he was transferred to the county jail.

There are two defects alleged by petitioner: (1) There was no proper arrest at common law, and (2) the proper formalities were not regarded in apprehension for violation of parole.

 We do not deny that the recidivist has rights. One who has a record of previous felonies is still protected by the Constitution. One who is imprisoned has safeguards upon which the courts have insisted. But the public have paramount rights to protection. Here the courts are confronted with the situation where petitioner was subject to return to prison, from which he had been released, because he violated the conditions of parole by the commission of four new felonies and also by disorderly conduct, for which he was arrested by the city police. His contention is that, since the officers did not know at the time of arrest of his connection with the commission of the four independent felonies, an arrest could not be justified at common law. Of course, the felonies had actually been committed, so one of the essential elements for arrest was present. But the contention is that there is no reasonable ground to believe petitioner was guilty of any of these felonies at the time he was returned to the city jail. As to the check charge in Klickitat County, it was probably a misdemeanor, although there is no means of finding out here. Petitioner's position is that it is improper and illegal for the officer to arrest him without a warrant for a misdemeanor which did not occur in the presence of the officer. This is, of course, the law.

 However, petitioner had committed at least three breaches of the conditions of parole: (1) the four forgeries, (2) the disorderly conduct, and (3) the passing of the check in Klickitat County. The officer was given specific authority to pick him up for the third breach, and he certainly was liable to apprehension and return to the city jail on the disorderly conduct charge, whether for trial or as a parole violation. There was no ground for urging there was not sufficient basis for the apprehension and return to custody of petitioner for determination of the question of whether he had violated his parole.

 The final objection is that no officer had a right to apprehend him for a violation of parole without a warrant under seal. There is no such requirement in the federal Constitution for one who has already forfeited his freedom. The state court passed upon this question specifically and found no merit in it.[2] This determination was correct and should be followed by the national courts.

 Whether or not there was an unlawful search and seizure does not depend upon whether the primary apprehension was illegal. But it is said the officer made an unlawful search and seizure of personal effects and, as a result, was led to discover the identity of Mason as the forger of the four checks. The facts seem to be that there was no such search, but that the effects were turned over to the officer by a third person after Mason was incarcerated. If this be so, there was nothing illegal in checking these articles even if it did result in the discovery of crimes which petitioner had actually committed. The state court found there was no illegal search.[3] The federal court found in the same manner.

It is said a motion to suppress would have been granted before the main trial in the state court if the parole officer had not perjured himself. But, if there was a legal arrest and detention and no unlawful search, as has been held, there could have been no grant of the motion. The fact that the record on this hearing seems to show the officer said Kittitas County instead of Klickitat County, when his information pointed to the lat-

2. Unreported opinion of the Superior Court of the State of Washington, Spokane County, given orally on April 5, 1952, in Case No. 13852.

3. See Note 2.

ter as the locale of the only check violation of which he was informed, seems to negative the probability of perjury. The state court found to the contrary, as did the federal court.[4]

■ Complaint is made that petitioner was not permitted to appeal without cost. If there is anything to this point under any such circumstances, we think here it is not a denial of due process under the federal Constitution, Amend. 14. The state court has so ruled.[5]

This case has been before several courts. The proceedings in and in connection with the first trial are not void and petitioner was afforded due process.

The dismissal is affirmed.

---

4. Mason v. Cranor, D.C. (Eastern District of Washington, Southern Division), petition for writ of habeas corpus No. 901, order denying October 6, 1954, Sam M. Driver, Chief Judge.

5. Mason v. Cranor, 42 Wash.2d 610, 614, 257 P.2d 211.