# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DONNIE DURRETT,<br><br>        Appellant,<br><br>      v.<br><br>STEPHAN SINCLAIR,<br><br>        and<br><br>DEPARTMENT OF CORRECTIONS,<br>STATE OF WASHINGTON, a<br>government entity.<br><br>        Respondent. | No. 78246-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br><br><br><br><br><br><br>FILED: July 29, 2019 |

HAZELRIGG-HERNANDEZ, J. — Donnie Durrett appeals a trial court order denying his petition for a writ of habeas corpus. He claims the Department of Corrections (DOC) failed to comply with the terms of his 2011 judgment and sentence by refusing to run the community custody portion of an earlier sentence concurrently with the confinement imposed in the 2011 cause. But community custody must be served in the community following a term of confinement, if confinement is ordered. And the statute required the DOC to toll Durrett's outstanding community custody during his confinement for the later offense. We affirm.

FACTS

In 2007, a jury convicted Donnie Durrett of two counts of failure to register as a sex offender. The court imposed concurrent terms of 43 months to be followed by a variable term of community custody. After Durrett's successful appeal, the court resentenced him on a single count of failure to register on October 21, 2011. The court again imposed a sentence of 43 months of confinement and clarified that the term of confinement in conjunction with community custody could not exceed the statutory maximum of 60 months.[1]

In a separate proceeding, on October 25, 2011, a jury convicted Durrett on a new charge of failure to register, committed between November 2, 2009 and January 29, 2010. On December 9, 2011, the court imposed an exceptional sentence, based on the parties' stipulation, of 60 months, the statutory maximum, with no community custody. Durrett's purpose in stipulating to the exceptional sentence was to avoid serving community custody upon his release. At the request of the defense, the court ordered the 2011 sentence to run concurrently with the previous 2007 cause. Defense counsel explained that she was uncertain whether Durrett had any confinement time remaining on the 2007 cause, and wanted to avoid "confusion" following the recent remand for resentencing on the 2007 cause.[2] In fact, Durrett completed serving the term of

---

[1] Following a second appeal, in December 2012, the court amended the term of community custody to 17 months.

[2] Based on her recollection of the file, the prosecutor believed Durrett had served the confinement portion of the sentence imposed on the 2007 cause and Durrett confirmed that he had only community custody remaining.

2

confinement on the 2007 matter and had been released to community custody two years earlier, on September 8, 2009.[3]

The DOC again released Durrett from its custody in 2015. The DOC then took the position that while Durrett was not subject to supervision on the 2011 cause, he had remaining community custody time and was subject to supervision on the earlier 2007 cause.

Durrett filed a petition for a writ of habeas corpus in King County Superior Court. The trial court dismissed the petition.[4]

DISCUSSION

A person may prosecute a writ of habeas corpus in the superior court to challenge the lawfulness of government restraint. RCW 7.36 .010; In re Pers. Restraint of Becker, 96 Wn. App. 902, 903, 982 P.2d 639 (1999), aff'd, 143 Wn.2d 491, 20 P.3d 409 (2001). RCW 7.36.010 provides, "Every person restrained of his or her liberty under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal." We review a trial court's ruling on a petition for habeas

---

[3] As Durrett implicitly acknowledges, because he was serving community custody on the 2007 matter when he committed the new offense of failure to register, the court lacked authority to impose a concurrent sentence under RCW 9.94A.589 (2)(a), however, the DOC did not file a petition to correct the sentence. See 9.94A.585(7).

[4] The trial court dismissed Durrett's petition for a writ with prejudice on the merits. Likewise, we resolve his appeal on the merits and do not address the State's request to dismiss the appeal based on the fugitive disentitlement doctrine. See City of Seattle v. Klein, 161 Wn.2d 554, 559, 166 P.3d 1149 (2007) (doctrine applying presumption that defendant in criminal appeal who files an appeal and flees the jurisdiction forfeits right to pursue appeal)

corpus for an abuse of discretion. Fathers v. Smith, 25 Wn.2d 896, 899-900, 171 P.2d 1012 (1946).

As he argued below, Durrett claims the trial court ordered his sentence on the 2011 cause to run concurrently with the remaining portion of his 17-month term of community custody on the 2007 cause. And because he served more than 17 months in custody on the 2011 offense, the DOC had no authority to supervise him once it released him from custody in 2015. He claims that by tolling community custody while he served the sentence imposed on the 2011 cause, the DOC failed to comply with the terms of the 2011 sentence.

Durrett's claim fails for several reasons. First, because Durrett had outstanding community custody on the 2007 cause when he was confined on the 2011 cause, the DOC was required by statute to toll the remaining community custody. RCW 9.94A.171(3)(a) provides, in relevant part:

> [A]ny period of community custody shall be tolled during any period of time the offender is in confinement for any reason unless the offender is detained pursuant to RCW 9.94A.740 or 9.94A.631 for the period of time prior to the hearing or for confinement pursuant to sanctions imposed for violation of sentence conditions, in which case, the period of community custody shall not toll.

The exceptions to the tolling requirement involving violation of conditions of sentence do not apply here. The DOC, therefore, properly tolled Durrett's community custody in accordance with the statute.

Second, no authority supports Durrett's position that imposition of a concurrent sentence converted the community custody portion of Durrett's prior sentence into a period of confinement. Several provisions of the Sentencing

4

Reform Act (SRA)[5] distinguish between periods of post-release supervision and periods in confinement. Therefore, time spent in confinement cannot also be a period of supervision under community custody. Durrett's interpretation of concurrent sentencing would eviscerate these provisions. For instance, RCW 9.94A.707(1), which applies to all sentences, provides that, "Community custody shall begin: (a) Upon completion of the term of confinement; or (b) at the time of sentencing if no term of confinement is ordered."

The SRA defines "confinement" as "total or partial confinement." RCW 9.94A.030(8).

> "Partial confinement" means confinement for no more than one year in a facility or institution operated or utilized under contract by the state or any other unit of government, or, if home detention, electronic monitoring, or work crew has been ordered by the court or home detention has been ordered by the department as part of the parenting program or the graduated reentry program, in an approved residence, for a substantial portion of each day with the balance of the day spent in the community. Partial confinement includes work release, home detention, work crew, electronic monitoring, and a combination of work crew, electronic monitoring and home detention.

RCW 9.94.030(36).

> "Total confinement" means confinement inside the physical boundaries of a facility or institution operated or utilized under contract by the state or any other unit of government for twenty-four hours a day, or pursuant to RCW 72.64.050 and 72.64.060.

RCW 9.94A.030(52).

On the other hand, the SRA defines "community custody" as "that portion of an offender's sentence of confinement in lieu of earned release time or imposed as part of a sentence under this chapter and served in the community

---

[5] Chapter 9.94A RCW.

subject to controls placed on the offender's movement and activities by the department." RCW 9.94A.030(5) (emphasis added).

The Supreme Court's decision in State v. Jones is instructive. 172 Wn.2d 236, 257 P.3d 616 (2011). In Jones, the court held that an offender who had been confined longer than the original period of confinement (in that case, under a void sentence) was not entitled to credit the excess time in confinement toward an outstanding term of community custody. Id. at 245-46. The court reasoned that allowing such a credit would conflict with the statute requiring tolling of community custody during periods of confinement. Id. at 244-46; See former RCW 9.94A.170(3) (1999). The court further reasoned that allowing such a credit would contravene the SRA's definition of "community custody" as the time actually spent under supervision in the community. Id. at 244. The reasoning in Jones applies here. Allowing Durrett to serve the community custody portion of his sentence in confinement would defeat the legislature's intent with respect to these provisions.

Durrett points out that some individuals may serve the community custody portion of their sentence in confinement. For instance, under RCW 9.94A.729(5), when the DOC is unable to approve the individual's release plan, it may refuse to release that individual to community custody in lieu of earned early release time. But these provisions involve offenders who do not become eligible for community custody and clearly do not apply to Durrett, who was, in fact, eligible and transferred to community custody before he was confined on the 2011 cause.

Finally, the DOC asked the court below to make a finding that Durrett's petition was frivolous for purposes of RCW 4.24.430, which provides that individuals serving criminal sentences who have filed three or more lawsuits deemed frivolous are not entitled to fee waivers. The trial court declined to make such a finding in dismissing Durrett's petition. Without a cross appeal or reference to the court's ruling below, the DOC again asks this court to find the petition seeking a writ was a frivolous action and a "strike" for purposes of RCW 4.24.430. In these circumstances, while we affirm the trial court's order dismissing Durrett's petition, we decline to make such a finding.

Affirmed.

WE CONCUR: