## EARL JONES et al. v. STATE.

No. A-9830.   May 23, 1940.
(103 P. 2d 951.)

Durward F. Mathis, of Frederick, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, P. J.   The plaintiffs in error were jointly charged, tried and convicted upon information charging that on or about the 15th day of April, 1939, they did commit the crime of obstructing an officer, one W. A. McAfee, sheriff of Tillman county, and in accordance with the verdict of the jury Earl Jones was sentenced to pay a fine of $50 and confinement in the county jail for thirty days; Mrs. Earl Jones was sentenced to pay a fine of $10.

From the judgments an appeal was duly perfected by filing in this court on March 30, 1940, a petition in error with case-made attached.

On May 3, 1940, the following motion to dismiss their appeal was filed:

"Comes now said Earl Jones and Mrs. Earl Jones, the plaintiffs in error named above, and dismiss the above entitled cause pending upon appeal from the county court of Tillman county."

On May 16th, the motion to dismiss was submitted.

The Constitution and laws of this state give to every citizen convicted of crime in the courts of this state the right of appeal from any judgment rendered against him in a court of record. It is a privilege granted by the law to persons convicted of crime which they may exercise at their option.

When an appeal has been taken, unless good cause is shown to the contrary, this court has uniformly permitted the plaintiff in error to dismiss his appeal at his election. Huber v. State, 13 Okla. Cr. 209, 163 P. 329; Hancock v. State, 57 Okla. Cr. 329, 48 P. 2d 348;; Mc-Dessey v. State, 61 Okla. Cr. 345, 68 P. 2d 113.

In the instant case there is no reason made to appear why the dismissal should not be ordered in compliance with the motion of the plaintiffs in error.

It is therefore adjudged and ordered that the appeal herein be dismissed and the cause remanded to the county court of Tillman county. The clerk of said court is directed to spread the mandate and to issue forthwith to the sheriff of said county commitments in accordance with the judgments of said court pronounced and entered on the verdict of the jury.

BAREFOOT and JONES, JJ., concur.