[No. 29707. Department One. November 15, 1945.]

*In the Matter of the Application of* CLARENCE G. BOGGIE *for a Writ of Habeas Corpus.*[1]

*H. E. Foster,* for appellant.

*The Attorney General* and *Rudolph Naccarato, Assistant,* for respondent.

[1] Reported in 163 P. (2d) 575.

MILLARD, J.—In March, 1945, a petition was filed in this court by Clarence G. Boggie for a writ of *habeas corpus* seeking his discharge from the custody of the superin-. tendent of the Washington state penitentiary. The petition was referred to the superior court for Pierce county, where hearing thereon resulted in denial of the petition. The petitioner has appealed to this court.

In his return to the order to show cause why the writ should not issue, respondent superintendent alleged that he held the petitioner in custody by virtue of a judgment and sentence, and a commitment issued pursuant thereto by a judge of the superior court of the state of Washington for Spokane county. Copy of the judgment, sentence, and commitment attached to respondent's return recites that appellant, represented by counsel, came into open court for pronouncement of judgment and sentence;

"THEREUPON, it is now by the Court considered and adjudged upon the verdict of the jury finding the defendant guilty of the crime of . . . Murder in first degree . . . as charged in said information, that the defendant now before the Court is guilty and it is now by the Court considered, ORDERED ADJUDGED AND DECREED, that said defendant Clarence G. Boggie be punished by confinement at hard labor in the WASHINGTON STATE PENITENTIARY, for a term of his natural life, . . ."

The challenge of counsel for appellant to the sufficiency of the information cannot be sustained, as trial errors cannot be reviewed or informations tested by a writ of *habeas corpus*. *In re Grieve,* 22 Wn. (2nd) 902, 158 P. (2d) 73.

It is argued that our statute (Rem. Rev. Stat., § 2392 [P. P. C. § 117-5]) defines the crime of murder in the first degree as the "killing of a human being," therefore the omission from the information of the words "human being" was the omission of descriptive words essential to define the crime and which must necessarily be proved to establish the crime; from which it follows that evidence was inadmissible to establish a point not alleged, hence the information and judgment are void.

The criminal law has outgrown the technicality urged by appellant that it does not appear from recitals in the judgment that appellant was convicted of murder of a human being. That the information was sufficient is conclusively presumed. The sufficiency of the information may not be challenged by *habeas corpus*. *In re Grieve, supra.* The judgment recites that a jury found appellant guilty of murder in the first degree as charged in the information against him.

The judgment in this case shows on its face that it was rendered in the superior court of the state of Washington in and for Spokane county. We take notice that that is a court of general jurisdiction. That the offense of murder in the first degree, with respect to which the petitioner was sentenced, is a crime under the statute (Rem. Rev. Stat., § 2392) is clear. That the court had jurisdiction of the person of the petitioner is shown by the recital in the judgment to the effect that appellant came into open court for pronouncement of judgment and sentence and that he was represented by counsel. The judgment also recites that the court adjudged the appellant guilty upon the verdict of the jury. There is nothing lacking to show a judgment regular on its face.

The record discloses that appellant is being detained by a final judgment fair on its face; therefore, the judgment of dismissal should be and it is affirmed.

BEALS, C. J., STEINERT, SIMPSON, and MALLERY, JJ., concur.