[No. 29961.   Department One.   June 20, 1946.]

*In the Matter of the Application for a Writ of Habeas Corpus of* KENNETH GERARD, *Petitioner,* v. TOM SMITH, *as Superintendent of the State Penitentiary, Respondent.*[1]

*Kenneth Gerard, pro se.*

*The Attorney General* and *Edward J. Lehan, Assistant,* for respondent.

SIMPSON, J.—Kenneth Gerard has filed in this court his petition for a writ of *habeas corpus,* claiming that he is at present confined in the state penitentiary at Walla Walla without warrant of law.   It is recited in the petition that the petitioner was "tricked" and induced by certain false promises made by a deputy prosecuting attorney to plead guilty to the commission of a crime, and that because of such false promises, petitioner was eventually convicted of being an habitual criminal, and sentenced as such.

[1] Reported in 170 P. (2d) 332.

■ It is the settled law of this state that courts will limit their inquiry in *habeas corpus* proceedings of this nature to the contents of the judgment. *In re Grieve,* 22 Wn. (2d) 902, 158 P. (2d) 73. An examination of the judgment entered in this case does not disclose the facts alleged by petitioner, hence his contention cannot be considered.

The attorney general has very properly called to our attention certain portions of the judgment and has asked that we consider them in deciding this petition. The judgment reads as follows:

"The Prosecuting Attorney with the Defendant KENNETH GERARD and counsel (per se) came into Court; the defendant was duly informed by the Court of the nature of the information found against him for the crime of PETIT LARCENY committed on or about the 7th day of MARCH, 1939, of his arraignment and plea of 'guilty of the offense charged in the information,' on the 31st day of MARCH, 1939, and the further verdict of a jury finding that on his previous record he is guilty of being AN HABITUAL CRIMINAL.

"The Defendant was then asked if he had any legal cause to show why judgment should not be pronounced against him, to which he replied he had none.

"And no sufficient cause being shown or appearing to the Court, the Court renders its judgment: That whereas the said Defendant having duly pleaded 'Guilty' in this Court of the crime of PETIT LARCENY (HABITUAL CRIMINAL) it is therefore ORDERED, ADJUDGED AND DECREED that the said Defendant is guilty of the crime of PETIT LARCENY (HABITUAL CRIMINAL) and that he be punished by confinement at hard labor in the PENITENTIARY of the State of Washington for the term of HIS NATURAL LIFE.

"The Defendant is hereby remanded to the custody of the Sheriff of said County to be by him detained and delivered into the custody of the proper officers for transportation to the said PENITENTIARY.

"Done in open Court this 24th day of NOVEMBER, 1939.
HOWARD M. FINDLEY<br>Judge."

■ Judgment on the verdict of a jury, or upon a plea of guilty, must be construed the same as any other judgment, and the usual canons of construction should be applied. Freeman on Judgments (5th ed.) § 76. In *Ewing v. Burnet,*

36 U. S. (11 Peters) 41, at p. 54, 9 L. Ed. 624, the supreme court had this to say:

"Punctuation is a most fallible standard by which to interpret a writing; it may be resorted to, when all other means fail; but the court will first take the instrument by its four corners, in order to ascertain its true meaning."

Applying the usual rules of construction to the judgment as a whole, it is clear that the petitioner entered a plea of guilty to a charge of petit larceny, and that a jury found that by virtue of other convictions he was an habitual criminal. His status of being an habitual criminal having been fixed by the verdict of the jury, it became the duty of the trial court to impose a life sentence. This duty the court performed. While it is true that the judgment is not happily worded, it is clear that petitioner was sentenced to life imprisonment as an habitual criminal, and that he was not sentenced merely for the crime of petit larceny.

The writ will be denied.

BEALS, C. J., MILLARD, STEINERT, and MALLERY, JJ., concur.