[No. 30010.  Department Two.  October 5, 1946.]

*In the Matter of the Application for a Writ of Habeas Corpus by* WILLIAM H. MOHR, *Petitioner, v.* TOM SMITH, *as Superintendent of the State Penitentiary, Respondent.*[1]

*The Attorney General* and *George H. Holt, Assistant,* for respondent.

STEINERT, J.—William H. Mohr recently filed in this court his petition alleging that he was illegally imprisoned, de-

[1]Reported in 173 P. (2d) 141.

tained, and restrained of his liberty in the Washington state penitentiary, and praying that a writ of *habeas corpus* issue directing the superintendent of the penitentiary to release him from further custody. The superintendent appeared by the attorney general and demurred to the petition on the ground that the petitioner's pleading did not state any facts sufficient to warrant the issuance of such writ.

The proceedings under which the petitioner was sentenced to life imprisonment and which he now contends are unconstitutional and without due process of law are set forth in his petition, to which are attached, as parts thereof, the judgment of his conviction and sentence to life imprisonment and the supplemental information on which such sentence is based. From the record thus brought to this court by petitioner, the following facts, stated in chronological order, appear.

On or about February 21, 1935, in the state of Nebraska, petitioner was convicted of the crime of removing mortgaged property. On or about May 6, 1936, in that same state, he was convicted of the crime of forgery. On or about December 27, 1937, in the state of Washington, he was again convicted of the crime of forgery. On or about January 4, 1938, in the state of Idaho, he was, for the third time, convicted of the crime of forgery. All of these crimes of which petitioner was convicted constitute felonies under the laws of the state of Washington.

A short time prior to February 8, 1946, petitioner was, by information filed by the prosecuting attorney for Thurston county, in this state, charged with the commission of the crime of attempted rape. Upon his arraignment on the last-mentioned charge, he pleaded guilty. Immediately thereafter, the prosecuting attorney filed an information charging petitioner with being an habitual criminal. Petitioner at once pleaded guilty on that charge. The judgment of conviction and sentence of which he now complains was thereupon entered by the court.

The judgment which is now under attack recites that, upon his arraignment, petitioner was served with a certified copy of the information, which was then and there read to

him in open court; that petitioner was advised by the court that he was entitled to the services of an attorney and that the court would appoint an attorney for him if he so desired; that petitioner declined the offer; that, upon being asked whether he was ready to plead, he replied in the affirmative and entered a plea of guilty to the charge contained in the information; and that thereupon the court adjudged the petitioner guilty of the crime of attempted rape.

The judgment further recites that, immediately after petitioner had entered his plea of guilty to the charge of attempted rape, and before sentence was pronounced thereon, a supplemental information charging him with being an habitual criminal and reciting as a basis therefor the four prior convictions set forth above was in open court read to him, and a certified copy thereof then and there handed to him; that the petitioner thereupon entered his plea of guilty to that charge, admitting the truth thereof; and that the court, having adjudged the petitioner to be an habitual criminal, sentenced him to imprisonment in the penitentiary for life.

The crime of attempted rape, which was the substantive offense upon which petitioner was sentenced, is a felony under the laws of this state. Rem. Rev. Stat., §§ 2263, 2264 [P.P.C. §§ 112-19, 112-21].

Petitioner has not filed any brief in the present proceeding, and we must therefore divine his contention solely from his petition. He alleged therein that his imprisonment and restraint are without due process of law and in violation of his rights under the constitution of the state of Washington and of the sixth and fourteenth amendments to the constitution of the United States, for the reason

". . . that in a supplemental information [a copy of which is attached to and made a part of the petition, and is fully referred to above] filed in said cause petitioner in Count One thereof was charged with having been convicted in the Superior Court of the State of Washington for Grays Harbor County, on or about the 27th day of December, 1937, upon his plea of guilty *in a fit of rage, all as shown by a copy of said Supplemental Information attached hereto*

and marked 'Exhibit B' and made a part hereof by reference." (Italics ours.)

Petitioner then further alleged that he was never convicted in Grays Harbor county, on or about December 27, 1937, and that therefore he could not have been found to be an habitual criminal.

There are several answers to petitioner's contention. In the first place, if any consideration is to be given to the fact, as alleged by him, that his plea of guilty to the Grays Harbor county charge was entered by him "in a fit of rage," that fact does not appear, as he asserts, in the supplemental information, a copy of which is attached to his petition. On the contrary, the supplemental information recites that petitioner

". . . on or about the 27th day of December, 1937, and in the Superior Court of the State of Washington for Grays Harbor County, was duly and regularly convicted of the crime of Forgery."

Furthermore, it would make no difference whether he entered his plea of guilty "in a fit of rage" or otherwise. There is no allegation by him that he was, at the time of his arraignment, insane or mentally incompetent to enter a plea.

In the next place, if it be assumed, for any reason, that the Grays Harbor county conviction should not presently be considered in determining petitioner's status as an habitual criminal, his status as such is nonetheless established by the record which he himself has submitted in this proceeding. The supplemental information, charging him with being an habitual criminal, the truth of which he admitted, as shown in the judgment, recites his conviction upon three other charges of felonies, one for removing mortgaged property in the state of Nebraska, one for forgery in that same state, and one for forgery in the state of Idaho.

Rem. Rev. Stat., § 2286 [P.P.C. § 112-61], provides:

"Every person convicted in this state . . . of any felony, who shall previously have been convicted, whether in this state or elsewhere, of *any* crime which under the laws of this state would amount to a felony, . . . *shall*

*be adjudged to be an habitual criminal* and shall be punished by imprisonment in the state penitentiary for not less than ten years. . . . " (Italics ours.)

The same section of the statute then further provides:

"Every person convicted in this state . . . of any felony, who shall previously have been *twice* convicted, whether in this state or elsewhere, of *any crime which under the laws of this state would amount to a felony,* . . . shall be punished by imprisonment in the state penitentiary *for life.*" (Italics ours.)

See, also, Rem. Rev. Stat. (Sup.), § 10249-2 [P.P.C. § 782-5].

Regardless, then, of the Grays Harbor county conviction, it appears from the record that petitioner has previously been *thrice* convicted of crimes which, under the laws of this state, would amount to felonies. Hence, under Rem. Rev. Stat., § 2286 and Rem. Rev. Stat. (Sup.), § 10249-2, he was properly adjudged to be an habitual criminal and sentenced to life imprisonment.

■ Finally, and in any event, petitioner's contention cannot be considered in this form of proceeding. The judgment before us is fair and regular, showing upon its face that it was rendered by the superior court for Thurston county, which is a court of original jurisdiction in all cases amounting to felony; that the substantive offense of which the petitioner was convicted was that of attempted rape, which also is a felony, under Rem. Rev. Stat., §§ 2263, 2264; that the superior court had jurisdiction of the person of the petitioner, by reason of his appearance in court and pleading guilty to the charge; and that the court had authority by virtue of Rem. Rev. Stat., § 2286 and Rem. Rev. Stat. (Sup.), § 10249-2, to impose the particular sentence. The judgment contains all the technical requisites and reveals no errors or irregularities.

The case therefore falls within the well-settled rule in this state that proceedings to obtain a writ of *habeas corpus* are not available or permissible to review alleged trial errors, but are limited by law to those cases where it appears that the judgment, including the sentence pursuant to which the petitioner for such writ is held in confinement,

is *void on its face.* *In re Grieve,* 22 Wn. (2d) 902, 158 P. (2d) 73; *In re Van Wagner,* 24 Wn. (2d) 99, 163 P. (2d) 574; *In re Boggie,* 24 Wn. (2d) 102, 163 P. (2d) 575; *In re Clark,* 24 Wn. (2d) 105, 163 P. (2d) 577; *In re Rice,* 24 Wn. (2d) 118, 163 P. (2d) 583; *In re Behrens,* 24 Wn. (2d) 125, 163 P. (2d) 587; *In re Sanford,* 24 Wn. (2d) 134, 163 P. (2d) 591; *In re Domanski,* 24 Wn. (2d) 137, 163 P. (2d) 593; *In re Gerard v. Smith,* 25 Wn. (2d) 237, 170 P. (2d) 332; *In re Williams v. Smith,* 25 Wn. (2d) 273, 171 P. (2d) 197; *Fathers v. Smith,* 25 Wn. (2d) 896, 171 P. (2d) 1012.

It will be noted that, in this case, petitioner pleaded guilty to the charge of the substantive offense of attempted rape and also to the charge of being an habitual criminal. A plea of guilty has the same effect in law as a verdict of guilty, except in certain respects not material here. Rem. Rev. Stat., § 2309 [P.P.C. § 120-9]; *In re Brandon v. Webb,* 23 Wn. (2d) 155, 160 P. (2d) 529.

The demurrer to the petition is sustained, and the application for a writ of *habeas corpus* is denied.

MILLARD, ROBINSON, SIMPSON, and MALLERY, JJ., concur.