[No. 35844. *En Banc.* August 31, 1961.]

*In the Matter of the Application for a Writ of Habeas Corpus of* TOM ESKRIDGE, *Petitioner,* v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.*\*

*\*Reported in 364 P. (2d) 819.

*Tom Eskridge, pro se.*

*The Attorney General* and *Stephen C. Way, Assistant,* for respondent.

DONWORTH, J.—This matter comes before us on the petition of Tom Eskridge for a writ of habeas corpus in which he alleged that he was being unlawfully restrained of his liberty by the superintendent of the state penitentiary, in violation of the constitution of the state of Washington and the constitution of the United States, under a certain judgment and sentence entered by the superior court of Spokane county on December 14, 1935.

The history of this case is fully set forth in *State v. Eskridge* (No. 26179, *ante* p. 546, 364 P. (2d) 813 (1961), decided today, to which reference is made for an understanding of the points raised by the petitioner herein.

This cause was orally argued by an assistant attorney general (the petitioner not being present) immediately following the argument in *State v. Eskridge, supra.*

The alleged illegality of petitioner's restraint on the several grounds stated in his petition will be discussed in numerical order.

1. Petitioner was denied the assistance of counsel (a)

when the verdict of the jury was received and also (b) when the sentence of life imprisonment was imposed.

■ (a) Petitioner had been represented throughout the trial by court-appointed counsel. When the jury returned its verdict, about nine o'clock p. m., they were not present. No request was made by petitioner that the return of the verdict be delayed until his counsel could be present. The jury was polled in open court in petitioner's presence and each juror answered that the verdict was his and that of the jury. The verdict was on a printed form signed by the foreman, reading as follows:

"VERDICT OF GUILTY of Murder in
the First Degree
"We, the jury in the case of
The State of Washington, Plaintiff
vs.
" Tom Eskridge

---
Defendant,

"find the defendant GUILTY,
"as charged in the information.

"SPOKANE, WASHINGTON, Nov. 13, 1935

---
"/s/ C. H. Anderson

---
Foreman."

We are of the opinion that, under the circumstances above described, petitioner was not deprived of a constitutional right by the absence of his counsel when the verdict was received. (A further contention of petitioner relating to the validity of a verdict received in the absence of counsel is dealt with *infra*.)

■ (b) Regarding the absence of counsel when sentence was imposed, petitioner had discharged his counsel after his post-trial motions were argued and denied. At his request, the trial court twice deferred the imposition of sentence to enable petitioner to employ counsel of his choice. When he failed to do so after a period of fifteen days, the trial court imposed the only maximum sentence possible upon a conviction of murder in the first degree (where the jury imposes no death penalty), to wit, confinement in the state penitentiary for the term of the de-

fendant's natural life. Other than giving an oral notice of appeal, petitioner did not make any objection to being sentenced on December 14, 1935. We see no violation of constitutional due process here.

■ Petitioner contends that he should not have been recommitted to the penitentiary when he had given notice of appeal. The situation at that time was that, on August 10, 1935 (twelve days after the alleged murder was committed), petitioner had pleaded guilty to grand larceny in the same court and had been sentenced by the same judge to a maximum term of fifteen years' imprisonment in the state penitentiary. He was serving this sentence at the time of his conviction of first-degree murder and the imposition of sentence, on December 14, 1935. The fact that he had appealed from the sentence for murder had no effect upon his incarceration for grand larceny. If he had not already then been serving a prior sentence, his notice of appeal from the murder sentence would have prevented his being committed to the state penitentiary thereon. He was properly recommitted on the grand larceny sentence.

2. Petitioner next contends that the verdict was void because it did not "legally specify the degree of the crime" of which he was found guilty, as required by RCW 10.61.010, which petitioner quotes, in part, as follows:

" ' . . . Whenever the jury shall find a verdict of guilty against a person . . . they shall in their verdict specify the degree or attempt of which the accused is guilty.' "

The question of sufficiency of the verdict goes to the jurisdiction of the court to pronounce sentence and, therefore, can be considered in a habeas corpus proceeding. Although the verdict was quite specific as to the degree of guilt, petitioner asserts that the degree of guilt was not "legally" specified, because of an "erroneous instruction" to the jury. The instruction to which petitioner refers states, in part:

" . . . when you have agreed upon your verdict you shall select the appropriate blank form and cause it to be

dated and signed by your foreman, whose duty it shall be to speak for the jury when called upon to do so by the court."

 Petitioner has failed to point out what he regards as "erroneous" in the instruction,[1] or how it could have caused the verdict to be void, but apparently he reads into the instruction a negative implication in the direction to date and sign the form, which would forbid putting any other writing on the form. Thus, petitioner apparently reasons, the jury was forbidden to specify the degree of guilt, and the jury's attempt to so specify was, therefore, "void." (After the printed words "Verdict of Guilty" at the top of the form, the foreman wrote "of Murder in the First Degree," which petitioner apparently assumes is necessary for a valid verdict.) Nothing in the instruction forbade such writing, but even if it did, such writing would be unnecessary. RCW 10.61.010 is satisfied by the following words which are printed on the blank form:

"We, the jury . . . find the defendant GUILTY, as charged in the information."

Since defendant was charged only with first-degree murder, the degree of guilt is sufficiently specified by the blank

---

[1]We do not regard petitioner's contention as one, in essence, directed at the instruction. If it were, we would be precluded from considering it for two reasons: (1) No exception to the instruction having been taken at the trial by petitioner's counsel, Rule of Practice VI (159 Wash. lxi) applies. That rule, which was in effect at the time of the trial, provided that:

"Exceptions to a charge to a jury, or to a refusal to give as a part of the charge instructions requested in writing, may be taken in the absence of the jury by any party at the conclusion of the charge and before reception of the verdict. Such exceptions may be either oral or in writing, and shall be noted by the court, and shall specify the paragraphs or particular parts of the charge excepted to, and the requested instructions the refusal to give which is excepted to, and shall be sufficiently specific to apprise the judge of the points of law or questions of fact in dispute." and

(2) Trial errors in any event cannot be reviewed by a writ of habeas corpus. *In re Braun, Jr. v. Belnap,* 51 Wn. (2d) 892, 316 P. (2d) 472 (1957); *In re Mason v. Cranor,* 42 Wn. (2d) 610, 257 P. (2d) 211 (1953), certiorari denied 346 U. S. 901, 98 L. Ed. 401, 74 S. Ct. 229, certiorari denied 349 U. S. 957, 99 L. Ed. 1281, 75 S. Ct. 886; *In re Mohr v. Smith,* 26 Wn. (2d) 188, 173 P. (2d) 141 (1946); and *In re Boggie,* 24 Wn. (2d) 102, 163 P. (2d) 575 (1945).

form. *State v. Domanski,* 9 Wn. (2d) 519, 115 P. (2d) 729 (1941); *State v. Moser,* 94 Wash. 465, 162 Pac. 582 (1917).

3. Petitioner further argues that, since the trial court recommitted him to the penitentiary on the grand larceny sentence (of August 10, 1935) and not on the murder sentence (of December 14, 1935), the superintendent of the penitentiary had no legal authority to keep him in custody after August 10, 1950, when his maximum term on the grand larceny sentence expired.

The present situation is that (according to petitioner's letter of February 17, 1961, to the chief justice) he has been a life parolee since February 15, 1961, working on a ranch situated near Prescott, Washington. Assuming that, between August 10, 1950, and the present time, he could have, by a petition for habeas corpus, effected a transfer of his custody from the superintendent of the penitentiary to the county jail at Spokane, pending disposition of his appeal, that situation no longer exists because we have this day dismissed his appeal upon his own motion. Therefore, the superior court of Spokane county, upon the going down of the remittitur in that case (No. 26179), is hereby authorized to make such order recommitting petitioner to the custody of the superintendent of the penitentiary on his sentence of December 14, 1935, as the court deems necessary or proper. Under these circumstances, we see no reasonable ground for considering facts regarding his custody which no longer exist. The question which petitioner seeks to raise is now moot.

■ Petitioner claims that the Washington State Board of Prison Terms and Paroles should be substituted as respondent herein because he has been in its custody, rather than in the custody of the superintendent of the state penitentiary, since February 15, 1961. We think that, technically, a prisoner serving a life term is in the custody of the superintendent until the expiration of his term (unless pardoned by the governor). The function of the board is to exercise its discretion in releasing a prisoner after he has served the period of confinement fixed by it (if they

determine him to be entitled to such release), and to grant parole under such terms and conditions as it may impose. The board likewise has power to return him to the confines of the institution at its discretion at any time prior to the expiration of his maximum term. See *In re Scott v. Callahan,* 39 Wn. (2d) 801, 239 P. (2d) 333 (1951); *McGrath v. Rhay,* 364 U. S. 279, 4 L. Ed. (2d) 1719, 80 S. Ct. 1609.

We think that petitioner is to be considered as still being in the legal custody of the superintendent.

4. Lastly, petitioner asserts in his petition (pages 5-20) that he has been denied adequate appellate review of his conviction and sentence as required by the mandate of the United States Supreme Court in *Eskridge v. Washington State Board of Prison Terms & Paroles,* 357 U. S. 214, L. Ed. (2d) 1269, 78 S. Ct. 1061.

Since petitioner has moved to dismiss his appeal, and we have granted his motion (*State v. Eskridge, supra*), he has thereby voluntarily waived his right of appellate review and we cannot, in the present proceeding, consider the matters referred to in his petition regarding the adequacy or inadequacy thereof.

For the reasons stated herein, the petition for writ of habeas corpus is hereby denied.

ALL CONCUR.