## Tom ESKRIDGE, in re Application for Writ of Habeas Corpus, Appellant,

### v.

## B. J. RHAY, Superintendent of Washington State Penitentiary at Walla Walla, Washington, Appellee.

### No. 19724.

United States Court of Appeals
Ninth Circuit.

May 7, 1965.

Rehearing Denied June 14, 1965.

der in the first degree, Eskridge was sentenced by the Superior Court of Spokane County, Washington, to a life term in the state penitentiary. His appeal from that judgment and sentence was dismissed by the Supreme Court of Washington on May 27, 1936.

In 1956, Eskridge instituted habeas corpus proceedings before the Supreme Court of Washington. He charged that the failure of the state to furnish a free transcript of the trial proceedings for use on his appeal from the conviction and sentence had violated his constitutional rights. The Supreme Court of Washington denied the petition without opinion, but the United States Supreme Court reversed and remanded the cause to the Supreme Court of Washington for further proceedings. Eskridge v. Washington State Board of Prison Terms and Paroles, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269.

Following the remand the Supreme Court of Washington, on August 6, 1958, reinstated Eskridge's appeal from the 1935 conviction and sentence and appointed counsel to represent him on the appeal. A record of all the material trial proceedings except certain exhibits which had been lost was prepared. Eskridge, however, moved that his appeal be dismissed. In so doing he acted on his personal determination that he should proceed by way of habeas corpus, such action being contrary to the advice of his counsel. Likewise contrary to the advice of his counsel, he filed in the Washington Supreme Court, while his appeal was pending, an application for a writ of habeas corpus.

Tom Eskridge, in pro. per.

John J. O'Connell, Atty. Gen., Olympia, Wash., for appellee.

Before HAMLEY, MERRILL and KOELSCH, Circuit Judges.

HAMLEY, Circuit Judge.

Tom Eskridge, a Washington state prisoner, appeals from a district court order denying his application for a writ of habeas corpus. The district court entered a certificate of probable cause, thereby enabling this court to entertain the appeal. See 28 U.S.C. § 2253 (1958).

On December 14, 1935, following his trial and conviction on a charge of mur-

On February 15, 1961, Eskridge was released from the state penitentiary on parole, to serve as a life parolee.[1] On August 31, 1961, after consideration of the appeal on briefs and oral argument, the Supreme Court of Washington granted Eskridge's motion to dismiss his state appeal. State v. Eskridge, 58 Wash.2d

1. Eskridge's release on parole did not moot his state habeas corpus proceeding on the federal habeas corpus proceeding

now before us. See Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed. 2d 285.

546, 364 P.2d 813. On the same day that court, having considered on the merits Eskridge's application for a writ of habeas corpus, denied the same. Eskridge v. Rhay, 58 Wash.2d 556, 364 P.2d 819.[2]

On December 24, 1963, Eskridge instituted this habeas corpus proceeding in the district court. As amplified by a supplemental application, Eskridge presented the following grounds for relief:

1. The state trial court during the course of the trial and in the presence of the jury commented upon the evidence, contrary to Article 4, section 16 of the Constitution of the State of Washington, thereby abridging Eskridge's rights under the Fourteenth Amendment.[3]

2. The trial judge failed to rule on Eskridge's motion to strike from the information several references to Eskridge as "alias" various other persons, such information having gone to the jury.[4]

A hearing was had in the district court at which Eskridge appeared in person and participated in the proceedings, his motion for appointment of counsel having been denied. The court thereafter entered an order denying the application, supported by findings of fact, conclusions of law and a memorandum opinion. The application was denied on alternative grounds, namely: (1) In the exercise of the discretion vested in the district court, because Eskridge had deliberately and knowingly bypassed the appeal procedure made available to him by the Supreme Court of Washington and had, in so doing, forfeited his state court remedies; and (2) Eskridge did not assert any ground for relief which presents a federal question.

On this appeal Eskridge contests both of these grounds for denying relief and advances other arguments which will be discussed below.

In its decision in State v. Eskridge, 58 Wash.2d 546, 364 P.2d 813, granting Eskridge's motion to dismiss his appeal, the Washington Supreme Court described in detail, and chronologically the entire history of that appellate litigation. Among other things, the decision includes lengthy quotation from letters written to that court by counsel representing Eskridge, and from a letter written to counsel (with a copy to Eskridge) from the Chief Justice. In the light of the circumstances thus reviewed that

2. A subsequent habeas corpus proceeding, commenced by Eskridge in the Supreme Court of Washington, was denied on the ground that the contentions therein presented were proper matters for determination in Eskridge's appeal which had been dismissed on his motion, and that he had therefore waived any right to now assert them. Eskridge v. Rhay, Cause No. 37286, order entered on November 4, 1963, unreported.

3. Two of the asserted comments upon the evidence were observations made by the trial judge during the course of the trial. One of these was the Judge's statement: " * * * Well, let the record show that he identified the defendant in this case." The other was the statement:
 "With the understanding that there was [sic] changes in the stock and some of the changes, arrangement of some of the tables, the jury understand that from the evidence, and these photographs as illustrating the general arrangement of the fixtures and the interior of the Manito Pharmacy, they will be admitted."

The third asserted comment on the evidence consisted of a part of the trial court's instruction No. 5, in which instruction the court set out the elements which the jury must find to exist before it could convict Eskridge of murder in the first degree. The part complained of consists of the italicized words in the following paragraph of the instruction:
 "(Sub-section 4): That without design to effect death, the defendant shot and killed Harry J. Phillips while engaged in the commission of, or in an attempt to commit, *or in withdrawing from the scene of a robbery.*" (Italics applicant's)

4. It was alleged that the information identifies Tom Eskridge, as " * * * alias Thos. Jacobs, alias T. Jacobson, alias J. H. Warren, alias John Lowery, alias Geo. Gregory. * * * " It is also alleged that these additional names were repeated throughout the information, that they were unproved, and that the information went to the jury.

court determined that Eskridge had voluntarily moved to dismiss his appeal after full deliberation. Eskridge determined upon this course, the Washington court said, contrary to the advice of his counsel who painstakingly explained to Eskridge that his remedy at that stage was by proceeding with the appeal.

In passing upon the question of whether Eskridge had deliberately and knowingly bypassed his state appeal, the district court did not rely alone upon the state decision referred to above. It also called for and examined the records and briefs which were before the Washington Supreme Court in that case. It also listened to such oral argument and representations as Eskridge had to make.[5]

 We have likewise called for and examined the state court records in question.[6] Our review of those records leads us to agree with the Washington Supreme Court, and the district court, that Eskridge deliberately and knowingly bypassed his state appeal where the grounds for relief now asserted were raised and could have been passed upon had not Eskridge insisted upon dismissing his appeal.[7] He thereby forfeited his state court remedies. In view of these facts the district court could, in the exercise of the limited discretion vested in that court in such matters, deny habeas corpus relief to Eskridge. See Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed.2d 837. The district court so exercised its discretion. We find no abuse in such exercise under the circumstances of this case.

This ground, standing alone, is adequate to sustain the district court order denying the application. It is therefore unnecessary to consider the alternative reason relied upon by the district court, namely, that Eskridge did not assert any ground for relief which presents a federal question. Nor need we consider the

5. This occurred on the hearing held on the motion for reconsideration. At that hearing the court asked Eskridge if he had any additional evidence to submit on that point, but the only item of evidence Eskridge could suggest was a letter written by the Chief Justice. This letter is quoted, in material part, in the decision of the Washington Supreme Court. The district court thereafter denied the motion for reconsideration, determining that the matter of whether Eskridge deliberately and knowingly dismissed his appeal was to be decided on the basis of the state court records, which the district court had examined.

6. A motion to supplement the record on this appeal by obtaining these state court records was denied by another judge of this court, apparently under the misapprehension that they were not before the district court. Eskridge thereafter renewed his motion to have the state court records brought before this court, calling attention to the fact that they were considered by the district court. Our action in calling for and considering these records amounts to a granting of Eskridge's renewed motion.

7. Examination of the records of the State Supreme Court indicates that an additional ground for reversal which Eskridge's appointed counsel proposed to raise on

the state appeal, was whether, in view of the fact that certain items were missing from the statement of facts concerning the 1935 trial, Eskridge could now have an adequate state appeal.

The missing items were the *voir dire* examination, argument of counsel before the jury, which argument was not taken down by the court reporter, and the exhibits, consisting of maps on which various witnesses had marked their locations at the time of the crime, an automobile, and certain clothing. The missing stenographic notebook of the *voir dire* was later discovered and the State Supreme Court ordered that it be transcribed. Eskridge was so informed on March 9, 1960, by the then Chief Justice of the Washington Supreme Court. The Chief Justice also informed Eskridge, in effect, that with the *voir dire*, the Supreme Court regarded the record as complete for purposes of his state appeal.

Counsel for the prosecution had agreed with Eskridge's counsel that, under the circumstances, this would be an appropriate question to raise on the state appeal. Eskridge was fully advised that it was planned to raise this point on the state appeal, but insisted, against the advice of his counsel, that this question should be presented only in a habeas corpus proceeding in the district court. He accordingly persisted with his motion to dismiss his state appeal.

question related thereto as to whether the district court erred in denying Eskridge an evidentiary hearing with regard to those asserted grounds.

Eskridge argues that the district court erred in denying his motion to appoint counsel to assist him in his habeas corpus proceeding in that court.

 Indigent state prisoners are not entitled to court-appointed counsel unless under the circumstances of the particular case this is required in order to attain due process of law. Hatfield v. Bailleaux, 9 Cir., 290 F.2d 632, 635. In view of the nature of the questions Eskridge has raised in this habeas corpus proceeding, and particularly in view of our conclusions expressed above, concerning the deliberate bypassing of state remedies after being fully advised, we conclude that it was not necessary to appoint counsel to represent him in the district court in this habeas corpus proceeding in order to afford him due process. Accordingly, the district court did not err in denying his motion for appointment of counsel.

Affirmed.